**Manpreet Singh SEKHON, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–73782.

United States Court of Appeals, Ninth Circuit.

Submitted April 19, 2013.*

Filed April 23, 2013.

Jaspreet Singh, Esquire, Law Office of Jaspreet Singh, Jackson Heights, NY, for Petitioner.

Julie M. Iversen, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: HAWKINS, GRABER, and CHRISTEN, Circuit Judges.

MEMORANDUM **

Manpreet Singh Sekhon, a native and citizen of India, petitions for review of a decision by the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

Petitioner challenges the adverse credibility determination. The standards governing adverse credibility determinations under the REAL ID Act of 2005 apply. *See* Pub.L. No. 109–13, Div. B, 119 Stat. 231; *see also Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir.2010). We review the BIA's decision affirming an adverse credibility determination for substantial evidence. *Zi Lin Chen v. Ashcroft*, 362 F.3d 611, 617 (9th Cir.2004). We review for substantial evidence the BIA's determination that Sekhon is not eligible for protection under CAT. *Shrestha*, 590 F.3d at 1048. We deny Sekhon's petition.

The BIA affirmed the IJ's credibility ruling for several reasons. In support of his application for asylum, Sekhon submitted letters from a doctor describing treatment he allegedly received after being beaten by police. But the letters

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

were dated before events described in the letters took place. The BIA also affirmed the IJ's credibility finding on the basis of inconsistencies between Sekhon's testimony and his sister's testimony concerning the kidnaping of their father, inconsistencies between Sekhon's testimony and his ex-fiance's testimony, and the IJ's concerns with Sekhon's and his sister's demeanor. Sekhon failed to provide a satisfactory explanation for these inconsistencies. *See id.* at 1044. Substantial evidence supports the agency's adverse credibility determination. *See id.* at 1040–44 (adverse credibility determination was reasonable under the REAL ID Act's "totality of the circumstances"). In the absence of credible testimony, Sekhon's asylum claim fails. Because Sekhon did not establish eligibility for asylum, it follows that he failed to meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir.2006).

We reject Sekhon's contention that the BIA's review of his CAT claim was insufficient. *See Lopez v. Ashcroft,* 366 F.3d 799, 807 n. 6 (9th Cir.2004) (agency "does not have to write an exegesis on every contention" (internal quotation marks and citation omitted)). Because Sekhon's CAT claim is based on the same statements found not credible, and nothing in the record compels the finding that it is more likely than not that he would be tortured if returned to India, his CAT claim also fails. *Shrestha,* 590 F.3d at 1048–49.

**Petition DENIED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.